**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Times Four LLC, *et al.*, | No. CV-17-03688-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| National Fire & Marine Insurance Company, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs Times Four LLC and Gregg Davis's Motion to Remand (Doc. 12, Mot.), to which Defendant National Fire & Marine Insurance Company filed a Response (Doc. 17, Resp.) and Plaintiffs filed a Reply (Doc. 19, Reply).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if

there is a defect in the removal procedure. 28 U.S.C. § 1447(c). Generally, removal statutes are strictly construed against removal jurisdiction. *See Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988).

In the Notice of Removal, Defendant states that "Plaintiffs served the Complaint on [Defendant] on September 11, 2017, by service on the Arizona Department of Insurance." (Doc. 1, Notice at 1.) Defendant also states that it "has timely filed this Notice of Removal within 40 days of service due to service being made upon the Department of Insurance, as required under 28 U.S.C. § 1446(b)." (Notice at 1.) Neither statement is accurate.

As Plaintiffs point out in their Motion, the Certificate of Service states that they served the operative Complaint on Defendant by way of the Arizona Department of Insurance—as permitted under Arizona law—on September 5, 2017, not September 11, 2017, as Defendant alleges in its Notice of Removal. (Mot. Ex. 4, Cert. of Service.) Moreover, the removal procedure statute, 28 U.S.C. § 1446(b), provides that Defendant must file its Notice of Removal within 30 days of receipt "through service or otherwise" of the operative Complaint, not 40 days, as Defendant alleges in its Notice of Removal. Indeed, the 40-day period cited by Defendant has no basis in federal procedural law. Because the Notice of Removal fails to adequately state the grounds for removal under 28 U.S.C. § 1446(a), the Court will remand this case under 28 U.S.C. § 1447.

In its Response to Plaintiff's Motion to Remand and despite its misrepresentations in the Notice of Removal, Defendant asserts a novel argument in an attempt to justify its facially late filing of the Notice of Removal: under the statutory words "receipt by the defendant, through service or otherwise," the removal period did not begin to run until a certain office of Defendant—the Omaha office (Doc. 18 at 1-2)—actually received the operative Complaint, here evidenced by a stamp of receipt on the face of a hard copy of the Complaint and internal to Defendant's organization. (Resp. at 2-3.) Such an interpretation is precisely the kind the Supreme Court expressed concern about when it stated that it is not possible, under the statutory words "through service or otherwise," to

appropriately define the limits of the universe of means—beyond formal service—for putting a defendant in possession of a complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999). To provide clarity, the Supreme Court limited the moment the removal period begins to run to four possibilities, the first of which is dispositive here. *Id.* at 354. "[I]f the summons and complaint are served together, the 30-day period for removal runs at once." *Id.* Thus, although remand of this case is appropriate on the sole basis that Defendant failed to properly state the grounds for removal in its Notice of Removal, the Court also disagrees with Defendant that the statutory removal period is tolled until Defendant affixes an internal receipt stamp on a properly served Complaint.

IT IS THEREFORE ORDERED granting Plaintiffs' Motion to Remand (Doc. 12).

IT IS FURTHER ORDERED denying all other pending motions and stipulations as moot.

IT IS FURTHER ORDERED vacating the Rule 16 Scheduling Conference set for January 23, 2018 (Doc. 23).

IT IS FURTHER ORDERED that the Clerk is directed to remand this case to Maricopa County Superior Court as soon as is practicable and close this matter.

Dated this 17th day of January, 2018.

Honorable John J. Tuchi
United States District Judge